IN THE MATTER OF THE PERSONAL ESTATE OF CHARLES HURLBURT, DECEASED.

*Petition in behalf of an infant to compel an executor to account — how it should be framed and signed when presented by a general guardian — power of the clerk of a Surrogate's Court to issue a citation under subdivision 2 of section 2509 of the Code of Civil Procedure — appealability of an order requiring an administrator to render an intermediate account.*

APPEAL by the administrators of the goods, etc., of Charles Hurlburt, from an order of the Wayne county Surrogate's Court, directing them to make and render an intermediate account of their proceedings as such.

These proceedings were instituted by a petition. It was addressed to the Surrogate's Court of Wayne county, and was headed as "the petition of Maud E. Hurlburt, an infant, by Isaac Gifford, her general guardian, respectfully shows." It alleged that Maud E. Hurlburt was an infant under the age of fourteen years; that Isaac

Gifford was her general guardian; that she was one of the heirs and next of kin of Charles Hurlburt, deceased, and that letters of administration had been issued upon his estate to Lyman F. Hurlburt and John Hurlburt the appellants, and that more than eighteen months had elapsed since such letters were granted; upon information and belief, that there were assets in the hands of the administrators, amounting to the sum of $4,000 and upwards, in which she was entitled to a distributive share, and prayed for a citation, to issue to them, to show cause why they should not pay her distributive share, and for an order or decree requiring them so to do. The petition was signed by Isaac Gifford, and was verified by him in the usual form, in which he swore that he was the general guardian, etc., of Maud E. Hurlburt. Upon the presentation of this petition to the Surrogate's Court, a citation was issued to the administrators, requiring them to show cause, at a time and place therein named, why the prayer of the petition should not be granted. The citation was attested in the usual form, with the seal of the surrogate's Court affixed, and was signed by Barton Hammond, clerk of the Surrogate's Court. Upon the return day the administrators appeared, and by their attorney, Charles McLouth, made several objections to the petition and citation, which were overruled by the surrogate. The administrators then made no further appearance, and did not show any cause why the prayer of the petition should not be granted. Thereupon the surrogate, of his own motion, made the order appealed from and adjourned the proceedings until the day named, within which the account was to be made.

The court at General Term said: "It is contended in the first place that the petition does not show facts upon which a decree could be made; that it is only signed by Isaac Gifford, and that he, as an individual, is not entitled to the distributive share in the estate, and consequently that it did not give the Surrogates' Court jurisdiction to proceed.

"The petition states all the facts necessary to give the court jurisdiction. It states that Maud E. Hurlburt is one of the heirs and next of kin of Charles Hurlburt, deceased, and that she is entitled to a distributive share of his estate. True, it does not state the share which she is entitled to; but this fact may properly be ascertained and determined by the surrogate upon the hearing.

The petition would have been properly executed if it had been signed 'Maud E. Hurlburt, by Isaac Gifford, her general guardian,' instead of being signed 'Isaac Gifford;' but by referring back to the body of the petition we see that it was the petition of Maud E. Hurlburt, an infant, by Isaac Gifford, her general guardian. The signature of Gifford, at the end of the petition, must therefore be deemed to have been written in that capacity.

"In the case of *Hyatt* v. *Seeley* (11 N. Y., 52, 58), Selden, J., in delivering the opinion of the court, describes the proper mode of executing a deed where the guardian had been directed to convey the interests of infants; but says: 'The precise form, however, is not essential; but the order of the court must be followed in substance.' He further remarked in that case that it did not appear upon the face of the deed that any of the grantors were infants, or that they had a guardian *ad litem ;* that in naming the parties to the deed there was no allusion to the guardian, nor to the fact that any of them were infants. The deed in that case was signed by the infants themselves, and by the guardian, but not in his capacity as such. Had the deed in that case described the grantors as infants and the guardian as such, a different question would have been presented. Again, the petition prayed that a citation should issue. The only object of the citation was to inform the appellants of the presenting of the petition, and giving them an opportunity to be heard. It issues as of course, and is sanctioned by the uniform practice of the court, and we think it may properly be issued by the clerk, under the second subdivision of section 2509 of the Code. If, however, we are in error in this regard, it was but an irregularity, and was cured by the appearance of the administrators. They did not appear especially to make objection, as is claimed by the appellants, for the case shows that the administrators appeared, and by their attorney objected. The subsequent statement in the case, after the ruling of the surrogate that no further appearance was made, does not change or alter the general appearance previously shown.

"The order appealed from directs that an intermediate account be made by the administrators. The purpose of this is doubtless to inform the surrogate of the amount of assets in their hands, and of their liabilities, etc., so that the surrogate might properly

determine whether or not the prayer of the petition should be granted. The proceedings were adjourned. No final order has been made, nor any order that affects a substantial right. A serious question is thus presented as to whether this is an appealable order; but, under the view which we have taken of the other question, it does not become necessary to determine this.

"The order should be affirmed, with ten dollars costs and disbursements, to be paid by the appellants personally."

*Charles McLouth,* for the administrators of Charles Hurlburt, appellants.

*S. Nelson Sawyer,* for the petitioners, respondents.

Opinion by HAIGHT, J.; BRADLEY and ANGLE, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements to be paid by the appellants personally.